# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FOSTER,<br><br>  Plaintiff,<br><br>  v.<br><br>L. CARROL, et al.,<br><br>  Defendants. | Case No. 1:19-cv-01474-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT AS NOT COGNIZABLE UNDER SECTION 1983<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Ronald Foster ("Plaintiff"), a state prisoner, is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on October 17, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1

that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at California State Prison, Corcoran. Plaintiff brings this action against Defendants L. Carrol, S. Babb, J. Ceballos, C. Brown, M Kimbrell, and K. Field alleging violation of his due process rights under the Fifth and Fourteenth Amendments.

Plaintiff is a participant in the MHSDS at the enhanced outpatient level of care. Due to this classification, Plaintiff is qualified for assignment to work group M and minimum custody

1 credits as well as other credits. Defendants Carrol and Babb refused to follow the mandatory language of Title 15 by refusing to properly classify Plaintiff and award him good time credits. Plaintiff filed an inmate grievance that was denied by Defendants Ceballos, Brown, Kimbrell, and Field. The appeal was denied incorrectly stating that Level VI inmates do not qualify for work group M. Plaintiff contends that Title 15 clearly states that enhanced outpatient inmates are qualified for work group M and that he should have been released from custody ten days after being so designated. He is seeking monetary damages.

### III.

### DISCUSSION

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

The gravamen of Plaintiff's complaint is that he is entitled to receive time credits which he is not receiving and, had he received such credits, he should have been released from custody. Plaintiff success in this action would necessarily imply the invalidity of his deprivation of time credits. Edwards, 520 U.S. at 646. Even though Plaintiff is seeking damages in this action, if he were to obtain a judgment in his favor it would affect the length of his sentence. Plaintiff cannot seek damages for the unconstitutional deprivation of time credits in this action because if he

were to prevail it would imply the invalidity of his sentence. <u>Nonnette v. Small</u>, 316 F.3d 872, 875 (9th Cir. 2002). Therefore, Plaintiff's sole remedy for the denial of time credits is in habeas corpus and not under section 1983. <u>Nonnette</u>, 316 F.3d at 875. The Court finds that Plaintiff's complaint is not cognizable under section 1983. <u>Edwards</u>, 520 U.S. at 648. Therefore, it is recommended that Plaintiff's complaint be dismissed and this action be closed.

### IV.
### CONCLUSION AND RECOMMENDATIONS

For the reasons discussed, Plaintiff's sole remedy for the claims raised in this action is in habeas corpus. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED as not cognizable under section 1983, and this action be closed.

The Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to his matter.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30)** days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 23, 2019__

UNITED STATES MAGISTRATE JUDGE

4