# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FOSTER, | Case No.: 1:19-cv-01474-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF LEAVE TO SUPPLEMENTAL INFORMATION TO OBJECTIONS TO FINDINGS AND RECOMMENDATIONS FILED |
| L. CARROL, et al., | |
| Defendants. | [ECF No. 13] |

Plaintiff Ronald Foster is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 24, 2019, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to state a cognizable claim for relief. (ECF No. 8.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were due within thirty days. (Id.) After receiving two extensions of time, Plaintiff filed objections on January 23, 2020.

Plaintiff filed objections on January 23, 2020. In his objections, Plaintiff indicates that he has completed his criminal sentence and he is no longer in custody.[1] However, contrary to Plaintiff's

---

[1] On this same date, Plaintiff also filed a notice of change of address. (ECF No. 14.)

1

contention, the mere release from physical custody does not necessarily mean he may proceed by way of section 1983 complaint.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 645 (2017).

Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

A "narrow exception" to the favorable termination rule exists where a § 1983 plaintiff challenging a prison disciplinary determination, who no longer meets the "in custody" requirement for filing a habeas petition, has diligently pursued relief. See Guerrero v. Gates, 442 F.3d 697, 704-05 (9th Cir. 2006); Nonnette v. Small, 316 F.3d 872, 876-77 (9th Cir. 2002). That exception only applies when the former prisoner plaintiff "challenges loss of good-time credits, revocation of parole or similar matters," it does not apply to challenging underlying convictions. Lyall v. City of Los Angeles, 807 F.3d 1178, 1192 (9th Cir. 2015).

///

California and federal habeas jurisprudence require a petitioner to be "in custody" at the time that a habeas petition is filed. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010); In re Douglas, 200 Cal.App.4th 236, 246-47 (Cal. Ct. App. 2011). The "in custody" requirement is met if, at the time of filing the petition, the habeas petitioner is in physical custody, Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); In re Douglas, 200 Cal.App.4th at 246-47, is on parole from an unexpired sentence, Maleng, 490 U.S. at 491 (citing Jones v. Cunningham, 371 U.S. 236, 242 (1963) (emphasizing that the petitioner was "confined by the parole order to a particular community, house, and job at the sufferance of his parole officer"); In re Jones, 57 Cal.2d 860, 861 (1962), or is on probation, In re Ossio, 51 Cal.2d 371, 376 (1958). In each of those situations, the petitioner is subject to the control of the state, limited in liberty, and at risk of resumption of (or actually in) physical custody as a result of the criminal conviction. The same is not true of a former prisoner who seeks to challenge the outcome of a rules violation report. After release from custody, a former prisoner faces no limitation on liberty as a result of an erroneous disciplinary violation, even with an attendance loss of time credits. Accordingly, a habeas corpus cannot be used to challenge a disciplinary violation after release from custody because the former prisoner is no longer "in custody."

Here, the complaint does not contain sufficient facts to determine whether or not Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477. Although Plaintiff is out of custody, he does not indicate whether he is subject to parole and/or probation. Therefore, the Court cannot determine whether Plaintiff can proceed with any potential claims in this action. Nor does Plaintiff indicate whether he has sought relief by way of habeas corpus which may impact his ability to proceed in this action. Thus, Plaintiff will be granted the opportunity to supplement his objections, and in any supplement Plaintiff must identify whether he is subject to parole and/or probation, and whether he filed any habeas corpus petition raising the challenge presented here.

///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted twenty (20) days from the date of service of this order to supplement his objections; and

2. If Plaintiff fails to supplement his objections, the Court will proceed with the objections on file.

IT IS SO ORDERED.

Dated: **January 24, 2020**

UNITED STATES MAGISTRATE JUDGE