UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. CARROL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01474-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION<br><br>(Doc. No. 8) |

　　　　Plaintiff Ronald Foster is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 24, 2019, the assigned magistrate judge issued findings and recommendations recommending that the action—which challenges the manner by which good time credits are being awarded to plaintiff—be dismissed for failure to state a cognizable claim under § 1983. (Doc. No. 8.) The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within thirty days. (*Id.*) Based on plaintiff's contention that he was released from custody after filing this action, on January 24, 2020, the court granted plaintiff leave to supplement his objections to identify whether he is subject to any term of parole and/or probation, and whether he filed any habeas corpus petition raising the challenge presented in this civil rights action. (Doc. No. 15.) Plaintiff filed supplemental objections on January 31, 2020. (Doc. No. 16.)

1

Then, on February 24, 2020, plaintiff filed a second request for an extension of time to file further supplemental objections. (Doc. No. 19.) On February 27, 2020, the court granted plaintiff an additional thirty days to file supplemental objections. (Doc. No. 20.) However, plaintiff did not file further objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

As stated in the magistrate judge's January 24, 2020 order, "the complaint does not contain sufficient facts to determine whether or not plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477. Although plaintiff is out of custody, he does not indicate whether he is subject to parole and/or probation. Therefore, the court cannot determine whether plaintiff can proceed with any potential claims in this action. Nor does plaintiff indicate whether he has sought relief by way of habeas corpus which may impact his ability to proceed in this action." (Doc. No. 15.) Plaintiff objections do not meaningful dispute the magistrate judge's analysis, and plaintiff cannot proceed with this action simply based upon the fact that he was released from confinement subsequent to the filing of the action.

Accordingly:

1. The October 24, 2019 findings and recommendations (Doc. No. 8) are adopted;
2. The instant action is dismissed for failure to state a cognizable claim for relief for relief under 42 U.S.C. § 1983; and
3. The Clerk of the Court is directed to assign a district judge to this action and close this case.

IT IS SO ORDERED.

Dated:  **April 21, 2020**                          /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE